IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNIGHT, <br><br>           Plaintiff, <br><br>     v. <br><br> NIMROD, <br><br>           Defendant.     / | No. C-00-00290 SBA (EDL) <br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL AND ENTERING PROTECTIVE ORDER** |

Before the Court is Plaintiff's Motion to Compel Defendant to produce the complete personnel files of Defendant Nimrod and the witness Sergeant Heflick, and all confidential information from Plaintiff's central file that is maintained by the California Bureau of Prisons. The matter has been fully briefed, and is appropriate for a decision without oral argument. Accordingly, after fully reviewing the papers and for good cause shown, the Court GRANTS IN PART Plaintiff's Motion to Compel as follows.

The protective order proposed by Plaintiff and submitted with Plaintiff's papers shall be entered for purposes of discovery in this matter, subject to the requirements of Civil Local Rule 79-5. The protective order shall remain in force until or unless it is superseded by an alternate stipulated protective order that would adequately protect the confidentiality of sensitive information.

Subject to an "Attorneys' Eyes Only" designation in accordance with the protective order, Defendant is ordered to produce within one week of the date of this order the confidential portions of Plaintiff's central file. Plaintiff's counsel needs equal access to this information with Defendant in view of its potential relevance to Plaintiff's credibility or the treatment of his grievance. While defendant raises legitimate concerns about the sensitivity of data, these concerns are adequately

addressed by this stringent protective order.  The Court has no reason to believe that Plaintiff's reputable counsel will violate their solemn obligation to maintain its confidentiality, even from Plaintiff, and even from inadvertent disclosure.

Defendant is further ordered to produce within one week of the date of this order the education and training records and performance reviews only, including letters of commendation or appreciation, from the personnel files of Nimrod and Heflick . Even in those, any personal identifying information other than name, such as Social Security numbers, home addresses, telephone numbers, names of family members, or other such information, if any, may be redacted. These documents are also subject to the "Attorneys' Eyes Only" designation.

**IT IS SO ORDERED.**

Dated:   July 27, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge