UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

CLARENCE V. KNIGHT,                                No. C 00-0290 SBA

        Plaintiff,                              **ORDER**

  v.                                              [Docket No. 59]

M.J. NIMROD,

        Defendant.

Before the Court is plaintiff Clarence V. Knight's motion to for leave to file a second amended complaint [Docket No. 59]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78.

**BACKGROUND**

Plaintiff Knight is alleging that defendant Matthew Nimrod violated his First Amendment rights by refusing to process his inmate appeal because it was filed against Nimrod himself. This is a civil rights action for damages under 42 U.S.C. § 1983. The pretrial conference in this matter is scheduled for September 11, 2007, with the trial to start on September 19, 2007.

Knight is seeking leave to file a second amended complaint to add a claim for injunctive and declaratory relief. Knight filed his original complaint on January 26, 2000. On April 6, 2000, Knight filed an amended complaint. Knight, who until recently has proceeded *pro se*, asserts that he did not previously seek injunctive and declaratory relief because he mistakenly believed that doing so would preclude him from simultaneously seeking monetary damages.

**LEGAL STANDARDS**

A party may amend a pleading once as a matter of course at any time before a responsive pleading is served. *See* FED. R. CIV. P. 15(a). Otherwise, a party may amend a pleading only by leave of court or by the written consent of the adverse party. *See id.* Generally, Rule 15 advises that "leave

[to amend] shall be freely given when justice so requires." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). This policy is applied even more liberally with *pro se* litigants. *See Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). In assessing whether to grant leave, the court considers whether the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; (4) is futile; or (5) if the plaintiff has previously amended his or her complaint. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). The first factor is the most important. "Prejudice [to the opposing party] is the touchstone of the inquiry under rule 15(a)." *Eminence Capital*, 316 F.3d at 1052 (internal citations omitted). The party opposing the amendment has the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

### ANALYSIS

The defendant opposes the motion to amend because it comes on the eve of the pretrial conference and contends the amendment should not be granted because "it is unfairly vague, futile, unduly prejudicial to both Defendant and the state, and will further delay this case." Docket No. 81, at 1-2. Nimrod understands the amendment as adding a Fourteenth Amendment due process claim and an official capacity injunctive claim. He argues both are futile and should not be allowed.

**1.     Second Amended Complaint**

This is Knight's second amended complaint. A factor to be considered in granting a motion to amend is whether the moving party has previously amended his or her pleading. A district court's discretion to deny an amendment is especially broad when the court has already given a plaintiff one or more opportunities to amend his or her complaint. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004); *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003). Given that this is

Knight's second amended complaint, the Court will weigh this in making its determination of whether an amendment will prejudice the defendant.

### 2.     Waiver

The defendant argues that the plaintiff waived any request for injunctive and declaratory relief in his amended complaint. Knight counters that he did not include a request for injunctive and declaratory relief based on his misunderstanding of the applicable law of 42 U.S.C. § 1983. He was acting *pro se* at the time of the first amended complaint, and upon receiving the advice of counsel that such a claim is allowed under section 1983, seeks to now amend his compliant accordingly. The Ninth Circuit has instructed that the policy of freely allowing amendments is to be applied even more liberally with *pro se* litigants. *See Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). The plaintiff filed his amended complaint while he was representing himself, so that must be weighed in favor of allowing the amendment. Moreover, to argue that a claim not raised in a prior complaint is waived counters the very purpose of allowing amendments to pleadings. Therefore, the Court does not find Nimrod's "waiver" argument particularly compelling.

### 3.     Prejudice and Undue Delay

The defendant contends that because his prior dispositive motions did not address Knight's injunctive, declaratory, and Fourteenth Amendment claims, he will be forced to expend further time and resources in drafting a revised motion for summary judgment if the plaintiff is permitted to file a second amended complaint. Knight responds that he "seeks only to add injunctive and declaratory relief to his requested forms of relief, not to add any new claims based on due process." Docket No. 108, at 3.

Prejudice may exist where a motion to amend is brought late in the litigation. *See Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the

complaint").

Here, however, the defendant has not made any convincing showing that additional discovery will be needed to respond to a claim for injunctive relief. The plaintiff is not adding any new substantive legal theories of liability or attempting to introduce any new facts into this action. The only change is that, in additional to monetary relief, Knight is now also seeking injunctive relief. Additionally, the Court recently extended the discovery deadline in this matter to allow the plaintiff additional time to conduct three depositions. *See* Docket No. 136. The defendant has not made any similar indication that it wishes to conduct any additional discovery.

Finally, the defendant's claim that it would be prejudiced by not having a chance to file a summary judgment motion against the injunctive relief claim is not persuasive. The defendant filed a prior motion for summary judgment on the grounds of qualified immunity against the plaintiff's section 1983 claim, which was denied on September 5, 2006. *See* Docket No. 46. A request for injunctive relief would not have played any factor in the qualified immunity analysis. And as will be discussed in the following section, a state official may be sued as an individual in his official capacity for injunctive relief, so a summary judgment motion filed on this basis would fail in any event.

**4.    Futility**

The defendant argues that denial of the amendment is warranted due to its futility. Relying on *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), the defendant contends that the amendment seeking injunctive relief against Nimrod in his official capacity is prohibited by Eleventh Amendment sovereign immunity. The defendant's second futility argument is that a generalized due process claim is not available where an allegation of infringement upon a constitutional right may be analyzed under a more specific constitutional protection, citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994).

The plaintiff's reliance on *Will* is misplaced. While an individual may not be sued in his official capacity for monetary relief under section 1983, the *Will* Court noted that an individual may be sued in

4

his official capacity for injunctive relief. *Will*, 491 U.S. at 71, n.10.

The plaintiff's invocation of the principle of *Albright* is somewhat more appropriate. In *Albright*, the Court reiterated that "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims." *Albright*, 510 U.S. at 273 (citing *Graham v. Connor*, 490 U.S 386, 395 (1989)). The plaintiff's claim rests specifically upon the First Amendment, so a due process claim under the Fourteenth Amendment may in fact be futile. On the other hand, the plaintiff repeatedly insists in his briefing that he is not adding any claim other than a claim for injunctive and declaratory relief. It appears that the plaintiff is in fact merely invoking the Fourteenth Amendment as the vehicle for applying the First Amendment to the state of California. If so, this is entirely appropriate. The First Amendment applies to the states through the due process clause of the Fourteenth Amendment. *See 44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 489 n.1 (1996). To the extent, however, the plaintiff is asserting a stand alone substantive due process claim, that is futile and will not be allowed.

## CONCLUSION

Weighing these factors, the Court finds that an amendment will not prejudice the defendant, cause undue delay, or be futile. Accordingly, plaintiff Knight's motion for leave to amend his complaint [Docket No. 59] is GRANTED.

IT IS SO ORDERED.

September 6, 2007

Saundra Brown Armstrong
United States District Judge

5