**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

**FILED**

OCT – 3 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

CLARENCE V. KNIGHT,                          No.  C 00-290 SBA

        Plaintiff,                       **JURY INSTRUCTIONS**

        v.

M. J. NIMROD,

        Defendant.

_____

October 2, 2007

Saundra Brown Armstrong
United States District Judge

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

2          This case should be considered and decided by you as a dispute between

3   persons of equal standing in the community, of equal worth, and holding the same

4   or similar stations in life.  All persons stand equal before the law and are to be

    treated as equals.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Certain charts and summaries that have not been received into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits which are received into evidence; and
3. any facts to which the lawyers have agreed.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1       The evidence that a witness has been convicted of a crime may be
2   considered, along with all other evidence, in deciding whether or not to believe the
3   witness and how much weight to give to the testimony of the witness and for no
    other purpose.

1

2      The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983,

3  which provides that any person or persons who, under color of law, deprives

4  another of any rights, privileges, or immunities secured by the Constitution or laws

5  of the United States shall be liable to the injured party.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    11

In order to prevail on his § 1983 claim against the Defendant, Matthew J. Nimrod, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    the Defendant acted under color of law; and

2.    the acts of the Defendant deprived the Plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have agreed that the defendant in this case, M.J. Nimrod, acted under the color of state law. You should therefore treat this fact as having been proved.

If you find the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all elements he is required to prove under the following instruction dealing with the plaintiff's rights involved here, your verdict should be for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendant.

As previously explained, Mr. Knight has the burden to prove that the act of M.J. Nimrod deprived Mr. Knight of particular rights under the United States Constitution. In this case, Mr. Knight alleges Mr. Nimrod deprived him of his rights under the First Amendment to the Constitution when Mr. Nimrod prevented Mr. Knight from filing a grievance against Mr. Nimrod himself.

A prisoner loses some constitutional rights-- the right to liberty, for example -- but the prisoner keeps or retains other constitutional rights.  One of those retained rights is the right under the First Amendment to petition the government for the redress of grievances, including the right to pursue prison administrative remedies. In order to prove Mr. Nimrod deprived Mr. Knight of this First Amendment right, Mr. Knight must prove the following additional elements by a preponderance of the evidence:

1. Mr. Knight petitioned the government, which is protected activity under the First Amendment;

2. Mr. Nimrod took action against Mr. Knight; and

3. Mr. Knight's ability to petition the government was a substantial or motivating factor for Mr. Nimrod's action.

A substantial or motivating factor is a significant factor.

13

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The mental and emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

If you find that the Plaintiff is entitled to a verdict, in fixing the amount of your award you may not include in, or add to an otherwise just award, any sum for the purpose of punishing the Defendant, or to serve as an example or warning for others.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

14

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

16

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone-including me-how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

17

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

18